Majel Russell
Daniel Wenner
Elk River Law Office, P.L.L.P.
P.O. Box 928
Billings, Montana 59101
Telephone: (406) 259-8611
Facsimile: (406) 259-3251
elkriverlaw@elkriverlaw.com
*Attorneys for Intervenors*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

| | |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER,<br>    Plaintiff,<br><br>v.<br><br>RYAN ZINKE, et al.,<br>    Defendants. | No. CV-18-12-BU-SEH<br><br>**INTERVENORS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY** |

## INTRODUCTION

Intervenors oppose Plaintiff's motion for jurisdictional discovery because Plaintiff's brief would not cure its lack of standing over Federal Defendants or tie State Defendant to NEPA's requirements.

## BACKGROUND

On November 1, 2018, Plaintiff filed a motion and brief to stay ruling on the State and Federal Defendants' motions to dismiss and allow for jurisdictional discovery. Doc. 52. During a November 20, 2018, conference call between the parties, the Court allowed Plaintiff to file a brief to outline *with total specificity*:

the forms of discovery sought, depositions needed (including who and the goal of the deposition), time needed to complete discovery, and time needed for additional briefing. Plaintiff filed its brief in support of jurisdictional discovery on November 30, 2018. Doc. 65.

## STANDARD OF REVIEW

"[Jurisdictional discovery] may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (citations omitted). "[I]t is not an abuse of judicial discretion to deny discovery before dismissing on jurisdictional grounds when [further] discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672 (S.D. Cal. 2001) (*citing Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977)). "A district court is vested with broad discretion to permit or deny discovery, and a decision 'to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant.'" *Laub v. U.S. Dept. of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (*citing Hallet v. Morgan*, 287 F.3d 1193, 1212 (9th Cir. 2002). "Prejudice is established if there is a reasonable probability that the outcome would have been different had discovery been

allowed." *Id*. (*citing Martel v. County of Los Angeles*, 56 F.3d 993, 995 (9th Cir. 1995) (en banc)).

# **ARGUMENT**[1]

### I. NEPA does not apply to State Defendant because the IBMP is not a single federal action.

Plaintiff incorrectly believes the National Environmental Policy Act of 1969 (42 U.S.C. § 4321 et seq) (NEPA) applies to State Defendant in this case.

"Nonfederal defendants may be enjoined if 'federal and state projects are sufficiently interrelated to constitute a single "federal action" for NEPA purposes.'" *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1397 (9th Cir. 1992) (*citing Friends of the Earth, Inc. v. Coleman*, 518 F.2d 323, 329 (9th Cir. 1975)). However, "State actors may not be enjoined under NEPA simply because a state project involves major federal action." *Id*. (*citing Macht v. Skinner*, 916 F.2d 13, 18 (D.C. Cir. 1990)). "Allowing nonfederal actors to be enjoined for NEPA violations 'undermines the autonomy left by NEPA to state and local officials.'" *Id*., at 1397-1398 (*citing Friends of the Earth*, 518 F.2d at 329).

Here, State and Federal Defendants play very specific roles under the Interagency Bison Management Plan (IBMP) due to their separate jurisdictions. Under the IBMP, the State of Montana has management authority over bison

---

[1] Intervenors do not oppose Plaintiff's timeline for completion of discovery or additional briefing time.

outside of Yellowstone National Park (YNP). Fed. ROD, at 6.[2] The Secretary of the Interior has exclusive jurisdiction to manage bison within YNP. *Id*. The U.S. Forest Service (USFS) provides habitat for bison on national forest system lands. *Id*. The Animal and Plant Health Inspection Service (APHIS) is required to control and prevent the spread of brucellosis in livestock. *Id*. Thus, each agency plays its own specific role in the IBMP.

While the State and Federal agencies (and Tribal partners) attempt to work together to manage bison that leave YNP and migrate into Montana, it cannot be said the IBMP constitutes a single "federal action." Such a statement would ignore the State's jurisdiction over wildlife within its borders. *W. Watersheds Project v. Salazar*, 766 F. Supp. 2d 1095, 1113 (D. Mont. 2011) (*citing Wyoming v. U.S.*, 279 F.3d 1214, 1231 (10th Cir. 2002)). Therefore, NEPA does not apply to the State Defendant.

II. **Plaintiff's jurisdictional discovery requests for the quarantining of YNP bison are beyond the scope of the pleadings.**

Most of Plaintiff's motion for jurisdictional discovery centers around the quarantining of Yellowstone bison. Doc. 65, at 2-3. The only mention of

---

[2] *Record of Decision for Final Environmental Impact Statement and Bison Management Plan for the State of Montana and Yellowstone National Park*, U.S. Department of the Interior and U.S. Department of Agriculture, available at http://www.ibmp.info/Library/IBMP_FED_ROD/1%20-%20IBMP%20EIS%20Record%20of%20Decision.pdf (Dec. 20, 2000).

quarantine in Plaintiff's second amended complaint is Section E of its Prayer for Relief. Doc. 43, at 11. In that section, Plaintiff requests the Court "[e]njoin Defendants from slaughtering any bison that are currently being quarantined until the NEPA deficiencies are cured." *Id*. Thus, Plaintiff has dismissed its previous request to enjoin all quarantine operations. *See* Doc. 7, at 11. Plaintiff cannot now seek standing through jurisdictional discovery from an issue that is not a cause of action in its complaint. Therefore, allowing jurisdictional discovery—which is limited in scope—on the quarantining of YNP bison would be overbroad because Plaintiff has not pled any facts or harm from the quarantining of YNP bison.

III. **Plaintiff ignores its first three causes of action and jurisdictional discovery on the fourth cannot provide standing over Federal Defendants because the answer is already known.**

If a Plaintiff lacks standing the district court does not have subject-matter jurisdiction and dismissal is appropriate. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1140 (9th Cir. 2003).

> To satisfy Article III's standing requirements, a plaintiff must show[:] (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Cantrell v. City of Long Beach.*, 241 F.3d 674, 679 (9th Cir. 2001) (*citing Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc*, 528 U.S. 167, 120 S. Ct. 693

(2000)). Nothing in Plaintiff's request for jurisdictional discovery would provide the requisite facts to establish Article III standing over Federal Defendants.

**A. Plaintiff's request for jurisdictional discovery does not provide standing because new Native American tribes wish to and/or have hunted Yellowstone bison.**

Indian tribes are quasi-sovereign nations. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 71, 98 S. Ct. 1670, 1684 (1978). Indians may enjoy special hunting and fishing rights that are independent of any ownership of land. *Or. Dep't of Fish & Wildlife v. Klamath Indian Tribe*, 473 U.S. 753, 765-766, 105 S. Ct. 3420, 3428 (1985).

The Montana Department of Fish, Wildlife & Parks (MFWP) regulates hunting of YNP bison for state hunters. Mont. Code Ann. §§ 87-1-216 and 87-2-730 (2017). MFWP does not regulate tribal treaty-hunting.[3]

Plaintiff's second amended complaint dismissed MFWP from the lawsuit. Doc. 43. Additionally, Plaintiff has not sought to enjoin tribal treaty-hunting by any of the treaty-hunting Tribes. Finally, none of Plaintiff's discovery requests mention hunting. Therefore, Plaintiff has not cured its lack of standing over Federal Defendants regarding the addition of treaty-hunting Tribes to the tribal hunt.

---

[3] *2018 Winter Operations Plan*, IBMP, available at http://www.ibmp.info/Library/OpsPlans/2018_IBMP_Winter_Operations_Plan_FINAL.pdf, at 6-7 (Dec. 26, 2017).

### B. Plaintiff's request for jurisdictional discovery does not provide standing from perceived safety issues due to hazing.

Plaintiff's brief for jurisdictional discovery seeks Governor Bullock to admit "the State of Montana or Montana Department of Livestock have received federal assistance to haze…Yellowstone bison." Doc. 65, at 2. However, Plaintiff has dismissed the Montana Department of Livestock (MDOL) from this action. Doc. 43. Thus, Plaintiff's alleged injury cannot be "redressed by a favorable decision." More importantly, Plaintiff has failed to demonstrate how the hazing of bison equates to an "injury in fact."

### C. Plaintiff's request for jurisdiction discovery does not provide standing from the 2017 National Academy of Sciences study.

In Plaintiff's second amended complaint, he states the National Academy of Sciences 2017 study (NAS Study) of brucellosis in the Greater Yellowstone Ecosystem indicates that brucellosis transmissions to cattle are traceable to elk and not bison. Doc. 43, at 5-6. While true, the IBMP guides the management of bison migrations out of YNP and into the State of Montana. Fed. ROD, at 3. Thus, the IBMP has no jurisdiction over elk.

Additionally, Plaintiff does not mention the NAS Study in its jurisdictional discovery request. Therefore, Plaintiff has not found standing over the State and Federal Defendants from the NAS Study.

### D. Plaintiff's request for jurisdiction discovery of Dan Wenk's statement YNP can hold 4,200 bison is unnecessary because those facts are readily available.

Plaintiff seeks to take the deposition of former YNP Superintendent Dan Wenk because Plaintiff believes Dan Wenk wanted to increase YNP's population objective. Doc. 65, at 3. The Record of Decisions set the YNP bison population at 3,000 bison.[4] At the August 1, 2018, IBMP meeting YNP employees stated the average population of YNP bison for the past "17 or 18 years" has been about 4,200 bison. *Id.*, at 14. This number is measured after the calving season while the 3,000 bison population is the goal for the pre-calving season. *Id*. Thus, no new information would be gleaned from Dan Wenk's deposition. Additionally, this is not significant new information which requires supplementation under NEPA because these population numbers have been occurring since the IBMP was founded. *See* 40 C.F.R. § 1502.9(c)(1). Therefore, the Court should deny jurisdictional discovery for Dan Wenk's deposition.

Finally, Secretary Zinke's motives for firing Dan Wenk are irrelevant to this action. Or at least the reason for his deposition was not "outlined with total specificity" as the Court required.

### **CONCLUSION**

---

[4] *Summary Report from the IBMP Meeting: August 1, 2018*, IBMP, available at http://www.ibmp.info/Library/20180801/IBMP_2018Aug01_MeetingSummary_final.pdf, at 13-14 (Aug. 17, 2018).

The Court should deny Plaintiff's motion for jurisdictional discovery because Plaintiff's discovery requests would either not demonstrate sufficient facts to constitute a basis for jurisdiction or are beyond the scope of the pleadings. Denial of discovery would not prejudice Plaintiff because there is no reasonable probability the outcome would be different if discovery is allowed.

Here, Plaintiff seeks discovery to tie State Defendant to NEPA. However, NEPA is inapplicable to State actors unless it can be shown the State and Federal actions are so intertwined as to create a single federal action. Plaintiff has not demonstrated this connection and jurisdictional discovery will not unveil it because the IBMP allows the State to retain its inherent jurisdiction. Plaintiff attempts to use quarantine—an issue it only mentions once in its second amended complaint—to again tie the State Defendant to NEPA. However, this information is outside the scope of the pleadings, and therefore, any discovery on this issue would not be narrowly tailored to the jurisdictional issues.

Likewise, jurisdictional discovery will not help Plaintiff find standing over Federal Defendants. Plaintiff ignores the first three counts of its complaint and instead focuses its jurisdictional discovery requests on comments made by former YNP Superintendent Dan Wenk. However, discovery is not necessary to determine why Dan Wenk stated the population of YNP bison is 4,200 because we already know the answer.

Therefore, Intervenors respectfully request the Court deny Plaintiff's motion for jurisdictional discovery and rule on the State and Federal Defendants' motions to dismiss.

DATED this 7th day of December 2018.

/s/ Daniel Wenner
Daniel Wenner
Counsel for Intervenors

# CERTIFICATE OF COMPLIANCE

In accordance with Local Rules 7.1 and 24.1 of the Rules of Civil Procedure of the United States District Court for the District of Montana, I certify the following concerning the Intervenors' Brief in Opposition to Plaintiff's Motion for Jurisdictional Discovery:

1. This brief consists of 2,164 words as calculated by Microsoft Word;

2. This brief is double spaced, except for footnotes and quoted and indented material; and

3. This brief is proportionally spaced, using Times New Roman, 14-point font.

/s/ Daniel Wenner
Daniel Wenner
Counsel for Intervenors

# CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2018, I electronically filed the foregoing with the Clerk of Court via CM/ECF System, which will send notification of such filings to the attorneys of record.

/s/ Daniel Wenner
Daniel Wenner
Counsel for Intervenors