# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID BERNHARDT, in his official capacity as Acting Secretary of the Interior[1]; STEVE BULLOCK, in his official capacity as Governor of the State of Montana; MONTANA DEPARTMENT OF LIVESTOCK; MONTANA DEPARTMENT OF FISH, WILDLIFE, AND PARKS; DAN WENK, in his official capacity as Park Superintendent, Yellowstone National Park; LEANNE MARTEN, in her official capacity as Regional Forester, U.S. Forest Service; NATIONAL PARK SERVICE; U.S. FOREST SERVICE; USDA-ANIMAL & PLANT HEALTH INSPECTION SERVICE,<br><br>Defendants. | No. CV 18-12-BU-SEH<br><br>**MEMORANDUM AND ORDER** |

---

[1] The case caption is amended, as shown above, to reflect substitution of Defendant Acting Secretary David Bernhardt for former Secretary Ryan Zinke. FED. R. CIV. P. 25(d).

**Introduction**

The Federal Defendants[2] and Defendant Steve Bullock ("Bullock")[3] separately filed renewed and opposed motions to dismiss[4] Plaintiff Cottonwood Environmental Law Center's ("Cottonwood") Second Amended Complaint for Declaratory and Injunctive Relief ("Second Amended Complaint").[5] Briefing is complete. Both motions were heard on February 19, 2019.

Cottonwood filed its initial Complaint for Declaratory and Injunctive Relief ("Complaint") on February 8, 2018,[6] claiming that the Federal Defendants, Governor Bullock, the Montana Department of Livestock, and the Montana Department of Fish, Wildlife and Parks "violated, and continue to violate, the National Environmental Policy Act [("NEPA")] by failing to supplement the NEPA analysis for the Interagency Bison Management Plan" ("IBMP"),[7] and "by

---

[2] The Federal Defendants are David Bernhardt, in his official capacity as Acting Secretary of the Interior; Dan Wenk, in his official capacity as Park Superintendent, Yellowstone National Park; Leanne Marten, in her official capacity as Regional Forester, U.S. Forest Service; the National Park Service; the U.S. Forest Service; and the U.S. Department of Agriculture-Animal & Plant Health Inspection Service. *See* Doc. 46 at 1.

[3] Bullock is named in his official capacity as Governor of the State of Montana.

[4] Docs. 74 and 75.

[5] Doc. 46.

[6] Doc. 1.

[7] Doc. 1 at 7.

2

failing to determine whether" a supplemental NEPA analysis was necessary,[8] given allegations that the Blackfeet Tribe intended to hunt bison north of Yellowstone National Park.[9]

An Amended Complaint for Declaratory and Injunctive Relief ("First Amended Complaint") was filed on February 20, 2018,[10] alleging that available additional sources of information required the Federal Defendants and Governor Bullock to supplement the IBMP's NEPA analysis.[11]

Defendants Bullock, the Montana Department of Livestock, and the Montana Department of Fish, Wildlife and Parks collectively moved to dismiss the First Amended Complaint on March 15, 2018,[12] asserting that the pleading failed to establish subject matter jurisdiction and failed to state a claim.[13] On April 23, 2018, the Federal Defendants moved to dismiss on the same grounds.[14] Briefing on

---

[8] Doc. 1 at 6.

[9] *See* Doc. 1 at 6.

[10] Doc. 7.

[11] *See* Doc. 7 at 9–10.

[12] *See* Doc. 12 at 2.

[13] *See* Doc. 12 at 2.

[14] *See* Doc. 20 at 2.

both motions was completed on May 29, 2018.[15]

On April 13, 2018, the Assiniboine and Sioux Tribes of the Fort Peck Indian Reservation and the InterTribal Buffalo Council (collectively "Intervenors") moved to intervene under Fed. R. Civ. P. 24(a)(2),[16] claiming an interest in "the translocation of some Yellowstone buffalo to the Fort Peck quarantine facility."[17] Notwithstanding the claim "that disposing of the action in favor of the Plaintiff [would] prevent [such] quarantining," Intervenors asserted that "[n]o existing party to this action adequately represent [their] interests."[18] The Federal Defendants did not oppose intervention.[19] On May 1, 2018, intervention was granted.[20]

On July 17, 2018, Cottonwood moved to further amend its complaint.[21] The motion was denied for failure to comply with L.R. 7.1(d)(1)(A).[22] Cottonwood

---

[15] Doc. 26.

[16] See Doc. 15 at 1–2.

[17] Doc. 15 at 2.

[18] Doc. 15 at 2.

[19] See Doc. 23 at 2.

[20] See Doc. 24 at 2.

[21] Doc. 28.

[22] See Doc. 30 at 2.

filed a second motion to amend on July 20, 2018.[23] That motion was granted on September 26, 2018, following briefing and hearing.[24]

Cottonwood's Second Amended Complaint was filed on October 7, 2018,[25] in which all claims against the Montana Department of Livestock and the Montana Department of Fish, Wildlife and Parks were withdrawn.[26] Additional allegations in support of Cottonwood's NEPA claims against the Federal Defendants and Governor Bullock were asserted.[27] The Federal Defendants and Bullock separately moved to dismiss the Second Amended Complaint on October 12, 2018.[28]

On November 1, 2018, Cottonwood moved for additional time to conduct limited jurisdictional discovery and to "stay briefing and consideration" of the pending motions to dismiss until the discovery requested was completed.[29] On December 26, 2018, the Court granted the motion to stay in part, allowing Cottonwood "to pose four Requests for Admission to Governor Bullock"

---

[23] Doc. 32.

[24] *See* Doc. 45 at 2.

[25] Doc. 46.

[26] *See* Doc. 46 at 7–8.

[27] *See* Doc. 46 at 10–11.

[28] Docs. 47 and 49.

[29] Doc. 52 at 2.

regarding jurisdictional issues.[30] The Court also ordered that pending motions to dismiss be denied without prejudice to renewal, if appropriate, following completion of the jurisdictional discovery.[31]

Bullock's responses to the Requests for Admission were filed on January 25, 2019.[32] That same day, the Federal Defendants "move[d] to renew their Motion to Dismiss,"[33] and Bullock "move[d] to renew his Motion to Dismiss."[34]

## Discussion

The circumstances under which an environmental impact statement ("EIS") must be prepared are clearly articulated in NEPA, which states, specifically, that "a federal agency [must] prepare an [EIS] as part of any 'proposals for legislation and other major Federal actions significantly affecting the quality of the human environment.'"[35] Although "an initial EIS [may be] sufficient, . . . in certain

---

[30] Doc. 72 at 3.

[31] *See* Doc. 72 at 3.

[32] Doc. 73.

[33] Doc. 75 at 1 (citing Docs. 47, 48, and 51).

[34] Doc. 74 at 1 (citing Doc. 49).

[35] *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 72 (2004) (quoting 42 U.S.C. § 4332(2)(C)).

6

circumstances [it] must be supplemented."[36]

Federal regulations "impose a duty on all federal agencies to prepare supplements to either draft or final EIS's if"[37]: "(i) The agency makes substantial changes in the proposed action that are relevant to environmental concerns; or (ii) There are significant new circumstances or information relevant to environmental concerns and bearing on the proposed action or its impacts."[38] The "'proposed action' contemplated by the regulation'"[39] makes "supplementation . . . necessary only if 'there remains "major Federal actio[n]" to occur.'"[40]

The Second Amended Complaint is the third complaint filed.[41] This case was initiated over a year ago. Fed. R. Civ. P. 8(a)(2) mandates that a pleading contain "a short and plain statement of the claim showing that the pleader is

---

[36] *Norton*, 542 U.S. at 72 (citing *Marsh v. Or. Nat. Res. Council*, 490 U.S. 360, 370–74 (1989)).

[37] *Marsh*, 490 U.S. at 373.

[38] 40 C.F.R. § 1502.9(c)(1)(i)–(ii) (2018).

[39] *Norton*, 542 U.S. at 73.

[40] *Norton*, 542 U.S. at 73 (alteration in original) (quoting *Marsh*, 490 U.S. at 374 ("If there remains 'major Federal actio[n]' to occur, and if the new information is sufficient to show that the remaining action will 'affec[t] the quality of the human environment' in a significant manner or to a significant extent not already considered, a supplemental EIS must be prepared.") (quoting 42 U.S.C. § 4332(2)(C))).

[41] *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citations omitted) ("In deciding whether justice requires granting leave to amend, factors to be considered include . . . repeated failure to cure deficiencies by previous amendments . . . .").

7

entitled to relief."

Although "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable,"[42] Rule 8's pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[43] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[44] The Second Amended Complaints fails to allege facts sufficient to show an "ongoing 'major Federal action' that could require supplementation"[45] to meet the pleading requirements of *Iqbal*[46] and *Twombly*[47] and as mandated by *Norton v. Southern Utah Wilderness Alliance*.[48]

Nothing in the Second Amended Complaint or briefs directed to the pending motions suggest that existing pleading deficiencies could be cured by a fourth

---

[42] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

[43] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

[44] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

[45] *Norton*, 542 U.S. at 73.

[46] 556 U.S. at 677–79.

[47] 550 U.S. at 555–56.

[48] 542 U.S. at 73.

complaint.[49] Moreover, Cottonwood has clearly stated its intention to stand on allegations as asserted in the Second Amended Complaint. An additional bite at the apple would be both inappropriate[50] and futile.[51]

ORDERED:

1. The Motion to Renew Federal Defendants' Motion to Dismiss[52] is GRANTED.

2. The Motion to Renew Governor Bullock's Motion to Dismiss[53] is GRANTED.

---

[49] See *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988) (finding that the district court did not abuse its discretion in dismissing the plaintiff's complaint and denying him leave to amend because he could not sufficiently allege facts to support one or more elements of each cause of action); *Klarfeld v. United States*, 944 F.2d 583, 585 (9th Cir. 1991) (quoting *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)) ("If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'").

[50] See *Moore*, 885 F.2d at 538 (citations omitted) ("In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment.").

[51] See *Klarfeld*, 944 F.2d at 586 (citation omitted) ("[A] district court does not err in denying leave to amend where the amendment would be futile."); *Blantz v. Cal. Dep't of Corr. & Rehab.*, 727 F.3d 917, 927 (9th Cir. 2013) (finding that "[t]he district court properly dismissed the entire lawsuit" and "did not abuse its discretion in denying [the plaintiff] leave to amend" when an amended complaint would be "insufficient under *Iqbal* and *Twombly*").

[52] Doc. 75.

[53] Doc. 74.

3. The motions[54] as renewed[55] are GRANTED.

4. The Second Amended Complaint[56] is DISMISSED with prejudice.

5. The clerk is directed to close the case.

DATED this 20th day of February, 2019.

*Sam E. Haddon*
SAM E. HADDON
United States District Court

---

[54] Docs. 47 and 49.

[55] *See* Docs. 74 at 1 and 75 at 1.

[56] Doc. 46.