# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER, <br><br> Plaintiff, <br><br> vs. <br><br> DAVID BERNHARDT, in his official capacity as Secretary of the Interior; STEVE BULLOCK, in his official capacity as Governor of the State of Montana; CAM SHOLLY, in his official capacity as Park Superintendent, Yellowstone National Park; LEANNE MARTEN, in her official capacity as Regional Forester, U.S. Forest Service; NATIONAL PARK SERVICE; U.S. FOREST SERVICE; USDA-ANIMAL & PLANT HEALTH INSPECTION SERVICE, <br><br> Defendants. | No. CV 18-12-BU-SEH <br><br> **ORDER** |

At 4:30 p.m. (MDT) on April 30, 2020, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction.[1] All Defendants oppose.[2] None has yet responded.[3]

---

[1] Doc. 113.

[2] *See* Doc. 113 at 3.

[3] *See* L.R. 7.1(d)(1)(B).

This Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorneys only if the requirements of Fed. R. Civ. P. 65(b) and (c) are fully met and satisfied. The documents filed and of record in this case fail to meet those requirements.

Under Fed. R. Civ. P. 65(b)(1)(A) and (B), the court may issue a temporary restraining order without written or oral notice to the adverse party or its attorneys only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Plaintiff has not provided to the Court the specific facts[4] and certification required by Fed. R. Civ. P. 65(b)(1)(A) and (B).

Fed. R. Civ. P. 65(c) states that the court may issue a preliminary injunction or temporary restraining order "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Plaintiff's motion wholly fails to address this requirement.

---

[4] *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008); *see also All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

ORDERED:

1. The Motion for Temporary Restraining Order and Preliminary Injunction[5] is DENIED IN PART.

2. The portion of Plaintiff's motion seeking a temporary restraining order is DENIED.

3. Defendants shall file a response to Plaintiff's request for a preliminary injunction on or before May 14, 2020.[6]

4. An optional reply may be filed on or before May 28, 2020.[7]

5. The Court will schedule a hearing on Plaintiff's request for a preliminary injunction by further order of Court.

DATED this 1st day of May, 2020.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge

---

[5] Doc. 113.

[6] *See* L.R. 7.1(d)(1)(B).

[7] *See* L.R. 7.1(d)(1)(C).