IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER,<br><br>                    Plaintiff,<br><br>vs.<br><br>DAVID BERNHARDT, in his official capacity as Secretary of the Interior; STEVE BULLOCK, in his official capacity as Governor of the State of Montana; CAM SHOLLY, in his official capacity as Park Superintendent, Yellowstone National Park; LEANNE MARTEN, in her official capacity as Regional Forester, U.S. Forest Service; NATIONAL PARK SERVICE; U.S. FOREST SERVICE; USDA-ANIMAL & PLANT HEALTH INSPECTION SERVICE,<br><br>                    Defendants. | No. CV 18-12-BU-SEH<br><br>**ORDER** |

On June 12, 2020, Plaintiff moved for Leave to Conduct Additional Limited Jurisdictional Discovery and to Stay Governor Bullock's Motion to Dismiss.[1]

---

[1] Doc. 146.

Three photographs were attached as an exhibit to the motion.[2] Bullock opposed the motion and filed a brief in response on June 17, 2020.[3] Plaintiff replied on June 18, 2020.[4] The Federal Defendants filed a brief in response on June 25, 2020.[5]

Plaintiff argues that "discovery on the issue of whether Defendants jointly hazed Yellowstone bison on federal land in May 2020 . . . is necessary to further answer the question of whether state and federal management of Yellowstone bison is 'sufficiently interrelated' to establish [NEPA] jurisdiction over [ ] Bullock."[6]

Neither the identity of the individuals depicted in the photographs attached to Plaintiff's motion nor the identity of the persons or entities for whom they worked will assist the Court in resolution of the core question of whether state and federal management of Yellowstone bison is "sufficiently interrelated to constitute

---

[2] *See* Doc. 147-1.

[3] *See* Doc. 149.

[4] *See* Doc. 150.

[5] *See* Doc. 152.

[6] Doc. 146 at 2–3 (citing *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1092–93 (9th Cir. 2003)).

a single federal action for NEPA purposes,"[7] or, stated differently, whether the state's management of Yellowstone bison "is sufficiently independent of federal control" to negate the requirements of NEPA.[8]

The National Park Service ("NPS") "is the lead agency to implement [bison] hazing within Yellowstone National Park."[9] The Montana Department of Livestock ("MDOL") "is [identified as] the lead agency to implement hazing outside of Yellowstone National Park in Montana with assistance from [Montana Fish, Wildlife, and Parks]."[10] "The NPS and MDOL may request assistance with hazing from other [Interagency Bison Management Plan] members."[11]

The photographs attached as an exhibit to Plaintiff's motion are asserted to be of sites within the Gallatin National Forest outside of Yellowstone National Park.[12] Hazing of bison within Yellowstone National Park is not claimed to be depicted in any of the exhibit photographs.[13]

---

[7] *Laub*, 342 F.3d at 1092 (quoting *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1397 (9th Cir. 1992)).

[8] *Laub*, 342 F.3d at 1083.

[9] Doc. 121-4 at 11.

[10] Doc. 121-4 at 11.

[11] Doc. 121-4 at 11.

[12] *See* Doc. 147-1 at 2.

[13] *See* Doc. 147-1 at 2.

ORDERED:

1.   The issues presented for resolution by Bullock's motion to dismiss do not support or justify Plaintiff's Motion for Leave to Conduct Additional Limited Jurisdictional Discovery and to Stay Governor Bullock's Motion to Dismiss.[14]

2.   The motion[15] is DENIED.

DATED this 29th day of June, 2020.

                                                       *Sam E. Haddon* (signature)
                                                       SAM E. HADDON
                                                       United States District Judge

---

[14] Doc. 146.

[15] *See* Doc. 146.