IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID BERNHARDT, in his official capacity as Secretary of the Interior; CAM SHOLLY, in his official capacity as Park Superintendent, Yellowstone National Park; LEANNE MARTEN, in her official capacity as Regional Forester, U.S. Forest Service; NATIONAL PARK SERVICE; U.S. FOREST SERVICE; USDA-ANIMAL & PLANT HEALTH INSPECTION SERVICE,<br><br>Defendants. | No. CV 18-12-BU-SEH<br><br>**ORDER** |

On April 30, 2020, at 4:30 p.m., Plaintiff Cottonwood Environmental Law Center filed a Motion for Temporary Restraining Order and Preliminary

Injunction.[1] On May 1, 2020, the Court issued its Order which denied the portion of Plaintiff's motion seeking a temporary restraining order and established a briefing schedule for the portion of the motion seeking a preliminary injunction.[2]

On May 7, 2020, at 11:53 p.m., Plaintiff filed a second motion for a temporary restraining order.[3] On May 8, 2020, the Court denied the motion for failure to clearly show that Cottonwood's "members will suffer irreparable injury if a temporary restraining order is not issued."[4]

On May 14, 2020, the Federal Defendants and Governor Bullock responded in opposition to the motion for a preliminary injunction.[5] Plaintiff replied on May 28, 2020.[6]

On June 30, 2020, the Court issued its Order[7] dismissing all claims against Governor Bullock with prejudice. On June 30, 2020, Plaintiff filed a Notice of

---

[1] Doc. 113.

[2] *See* Doc. 118 at 3.

[3] Doc. 122.

[4] Doc. 126 at 4 (citing *Slaughter v. Nat'l Park Serv.*, 2019 WL 6465093, at *4-5 (D. Mont. Dec. 2, 2019).

[5] Doc. 129.

[6] Doc. 136.

[7] *See* Doc. 212 at 13.

Appeal.[8]

On July 1, 2020, Federal Defendants filed a Motion for Voluntary Remand or Stay of Proceedings.[9] Plaintiff responded on July 2, 2020.[10] Federal Defendants filed a reply on July 9, 2020.[11]

On October 15, 2020, the Ninth Circuit issued its Order dismissing the appeal.[12] Mandate was issued on December 7, 2020.[13]

Now pending before the Court are Plaintiff's motion for a preliminary injunction[14] and Federal Defendants' Motion for Voluntary Remand or Stay of Proceedings.[15] Both are ripe for resolution.

Federal Defendants have asked the Court remand the case to the agencies involved for an additional National Environmental Policy Act ("NEPA") analysis

---

[8] Doc. 243.

[9] Doc. 244.

[10] Doc. 246.

[11] Doc. 249

[12] Doc. 250.

[13] Doc. 252.

[14] Doc. 113.

[15] Doc. 244.

of the Interagency Bison Management Plan ("IBMP") adopted in 2000[16] and that remand be without *vacatur*, leaving the current IBMP in force and effect while the additional NEPA analysis is undertaken.[17] Plaintiff agrees that an additional NEPA analysis is appropriate, but that the preliminary injunction request should proceed to resolution on its merits.[18]

An agency which undertakes and conducts review of an final agency action, such as the IBMP at issue in this case, may adopt any one of several alternatives upon completion of the review.

> First, it may choose to defend the agency's decision on the grounds previously articulated by the agency. Second, it may seek to defend the agency's decision on grounds not previously articulated by the agency. Third, the agency may seek a remand to reconsider its decision because of intervening events outside of the agency's control. Fourth, even in the absence of intervening events, the agency may request a remand, without confessing error, to reconsider its previous position. Finally . . . the agency may request a remand because it believes that its original decision was incorrect on the merits and it wishes to change the result.[19]

As noted in *California Communities Against Toxics v. United States*

---

[16] *See* Doc. 244-1 at 1.

[17] *See* Doc. 244-1 at 13.

[18] *See* Doc. 246 at 1-2.

[19] *SKF USA Inc. v. United States*, 254 F.3d 1022, 1028 (Fed. Cir. 2001).

*Environmental Protection Agency*, "[a] federal agency may request remand in order to reconsider its initial action."[20] Whether an agency action remains in place or is "vacate[d] depends on 'the seriousness of the order's deficiencies . . . and the disruptive consequences of an interim change that may itself be changed.'"[21]

The IBMP adopted in 2000 serves a vital purpose by coordination of the management of bison across several jurisdictions and among federal, state, and tribal entities.[22] Vacation of the IBMP while an additional NEPA analysis is undertaken would be extremely disruptive to vital bison management practices, and would leave the affected parties without any operative bison management plan in place.

ORDERED:

1. Federal Defendants' request for voluntary remand without *vacatur*[23] is GRANTED in part and DENIED in part as follows:

    a. Federal Defendants shall conduct an additional NEPA analysis of the IBMP and issue an appropriate final agency decision, which

---

[20] 688 F.3d 989, 992 (9th Cir. 2012) (citing *SKF USA Inc.*, 254 F.3d at 1029).

[21] *Allied-Signal, Inc. v. U.S. Nuclear Regul. Comm'n*, 988 F.2d 146, 150–51 (D.C. Cir. 1993) (quoting *Int'l Union, UMW v. FMSHA*, 920 F.2d 960, 966-67 (D.C. Cir.1990).

[22] *See* Doc. 244-1 at 4-5.

[23] Doc. 244.

could include any of the review options articulated above, including revision of the current IBMP.

b.  The IBMP shall remain in full force and effect pending issuance of whatever replacement final agency decision is found to be necessary and appropriate.

c.  Federal Defendants' request for a stay is DENIED.

2.  Plaintiff's preliminary injunction[24] request is DENIED as premature.

3.  The Clerk is directed to close the case.[25]

DATED this 10th day of December, 2020.

SAM E. HADDON
United States District Judge

---

[24] Doc. 113.

[25] *See Am. Wild Horse Pres. Campaign v. Salazar*, 115 F. Supp. 3d 1, *4-5 (D. D.C. 2012); *cf.* D.C. Cir. Rule 41(b).